NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alex Sualim,<br><br>    Movant/Defendant,<br><br>v.<br><br>United States of America<br><br>    Respondent/Plaintiff. | No. CV-16-01018-PHX-SRB(JZB)<br>CR-13-01515-PHX-SRB<br><br>**ORDER** |

Movant Alex Sualim filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence raising three grounds for relief. In Ground One Sualim alleges ineffective assistance of counsel asserting his counsel coerced and intimidated him into pleading guilty. In Ground Two Sualim repeats his assertion of being coerced into pleading guilty and also claims that he was not informed of essential elements of the crime with which he was charged and of his right to appeal or collaterally attack his sentencing and that the government committed constructive fraud on the court. In Ground Three Sualim alleges a *Brady* violation by the government.

The government filed a response in opposition to Sualim's motion and Sualim filed a reply. The Magistrate Judge issued a Report and Recommendation recommending

that Sualim's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C.§ 2255 be denied.  Sualim filed timely written objections, and the government has filed a response to those objections.

Sualim listed eight numbered objections to the Magistrate Judge's Report and Recommendation.  His first objection is that the Magistrate Judge found or suggested that coaching, coercing and intimidating a defendant into pleading guilty is not ineffective assistance of counsel. The government responded and the Court agrees that this is an "easily rejected strawman argument." The Magistrate Judge never suggested that it was permissible for defense attorneys to coach, coerce or intimidate their clients into pleading guilty. The Magistrate Judge concluded that Sualim's belated allegations of coercion and intimidation were not credible and were also contradicted by the record.  In his discussion of Sualim's allegation of ineffective assistance of counsel, the Magistrate Judge quotes from the Rule 11 colloquy and the sentencing hearing and relates the cooperation efforts and free talks between the guilty plea and sentencing which belie the claim of coercion and intimidation. Sualim's objection number one is overruled.

The second objection states that the Magistrate Judge found Sualim's affidavits inaccurate by examining a "fraudulent record" and that an expansion of the record is necessary.  It is unclear to the Court what is allegedly fraudulent about the record. The Magistrate Judge's conclusions were based on transcripts from Sualim's Court proceedings, including Sualim's own statements and the affidavits submitted by his former counsel.  Sualim's second objection is overruled.

Sualim's third objection says that there is no record evidence to support his conviction other than the plea colloquy that he again asserts was "coached, coerced, and intimidated into existence." Sualim again ignores the evidence of record cited by the Magistrate Judge, including his own representation during the plea colloquy that the plea was not the product of coercion and his failure to make any such claim in the approximate seven months between his guilty plea and sentencing. Sualim's third objection is overruled.

In his fourth objection Sualim states that he "has alleged the promises and the intimidation by defense counsel, when, where and by whom such promises were made" and argues that this satisfies both prongs of the *Strickland* standard. As the government notes in its response to the objections merely alleging ineffective assistance of counsel does not satisfy the *Strickland* standard. The Magistrate Judge has cited clear record evidence that he was not coached, coerced or intimidating into pleading guilty. Sualim's fourth objection is overruled.

Sualim's fifth objection relates to the second filing of his counsel's affidavit alleging that it was filed in order to fit the prosecution's response to his motion. As both the government notes in its response to the objections and the Magistrate Judge notes in the Report and Recommendation, the affidavit was filed after Sualim asked that his counsel's unsworn letter submitted as Exhibit M to the government's response not be considered. Subsequently, the government filed two affidavits from Sualim's counsel. The first merely affirms under penalty of perjury that the unsworn letter was true and accurate. The second reiterates and elaborates on the plans to travel to Nigeria (Doc. 12).

This is neither evidence of fraud or as Sualim asserts a constitutional defect. Sualim's fifth objection is overruled.

Sualim's sixth objection to the Report and Recommendation relates to the Magistrate Judge's finding that he failed to present any evidence that the government withheld *Brady* material. He adds, "Where is the Blackberry with exculpatory evidence? This Blackberry phone proved the movant's innocence." As the government notes, the first mention of the Blackberry phone is in the objections. Sualim offers no evidence that the Blackberry phone was ever in the government's possession. The government had indicated its intention to prove at trial that the Blackberry phone belonged to Sualim based on the observation of a Customs and Boarder Protection official and would have attempted to establish that Sualim was the true owner of one of the e-mail accounts involved in the fraud that could be that could be traced to Sualim's Blackberry. There is no evidence that the government has or ever had possession of the Blackberry phone and, therefore, a failure to turn it over was not a *Brady* violation. Sualim's sixth objection is overruled.

Sualim's seventh objection appears to assert that he could never prove a *Brady* violation because he would never be able to show that the government suppressed exculpatory evidence. Sualim appears to rely on uncited Court of Appeal's decisions that purportedly state that *Brady* violations are "running amok throughout the judicial system." The seventh objection is overruled.

The eighth and final objection is to the recommendation that no evidentiary hearing be ordered as Sualim had requested. The Magistrate Judge concluded that an

- 4 -

evidentiary hearing was not necessary because the Rule 11 violations and *Brady* violations alleged in Grounds Two and Three respectively were conclusively decided on the record. The allegations of coercion raised in Ground One did not warrant a hearing because the issues of credibility could be conclusively decided on the basis of testimony and evidence in the record. The Magistrate Judge noted that Sualim offered nothing than his other claim of coercion and that the entire record belies these assertions. The Court agrees that the Magistrate Judge correctly concluded that an evidentiary hearing was not necessary in order to decide Sualim's motion. Sualim's eighth objection is overruled.

IT IS ORDERED overruling Sualim's objections to the Report and Recommendations of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendations of Magistrate Judge as the Order of this Court. (Doc. 13)

IT IS FURTHER ORDERED denying a Certificate of Appealability because Sualim has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED directing the Clerk to enter judgment.

Dated this 1st day of March, 2017.

_____
Susan R. Bolton
United States District Judge